# EXHIBIT "A"

Filed
7/15/2024 11:10 AM
Patti L. Henry
District Clerk
Chambers County, Texas
By: _Caprisa lemoine_ Deputy

CAUSE NO. 24DCV0544 _____

| | | |
|---|---|---|
| EDGAR CRESPO AND<br>EVERTO GAYTAN | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS | §<br>§ | CHAMBERS COUNTY, TEXAS |
| ELE LOGISTICS, INC.<br>AND JASON SMITH | §<br>§<br>§ | 253rd<br>___ JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION, REMINDER OF REQUIRED DISCLOSURES, AND RULE 193.7 NOTICE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, EDGAR CRESPO and EVERTO GAYTAN, hereinafter referred to as Plaintiffs, complaining of and against ELE LOGISTICS, INC. and JASON SMITH, Defendants herein, setting forth their Original Petition, Reminder of Required Disclosures, and Rule 193.7 Notice, and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1.    Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff would respectfully designate this as a Level 3 case.

### II. PARTIES

2.1    Plaintiff EDGAR CRESPO resides in Baytown, Harris County Texas.

2.2    Plaintiff EVERTO GAYTAN resides in Baytown, Harris County Texas.

2.3    Defendant ELE LOGISTICS, INC. is a North Carolina corporation, with a principal place of business in North Carolina, authorized and qualified to do business in the State of Texas and/or subject to "long-arm" jurisdiction pursuant to TEX. CIV. PRACTICE & REMEDIES CODE, § 17.041 through § 17.045. ELE LOGISTICS, INC. may be served with citation by serving its registered

Copy from re:SearchTX

agent for service of process in Texas, John C. Sims, 1205 Broadway, Lubbock, Texas 79408 or at any other location where it may be found.

2.4    Defendant JASON SMITH, an individual who is a nonresident of Texas and whose home is located at 10 Bittersweet Lane, Exeter, New Hampshire 03833, is subject to "long-arm" jurisdiction pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 through 17.045 and may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701 as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas.

### III. JURISDICTION AND VENUE

3.1    This Court has jurisdiction in this cause since the damages to Plaintiffs are within the jurisdictional limits of this Court.

3.2    Further, the exercise of jurisdiction over Defendants is consistent with federal and state due process standards insofar as Defendants have established minimum contacts with Texas and the imposition of jurisdiction comports with traditional notions of fair play and substantial justice.

3.3    Venue is proper in Chambers County since all or a substantial part of the incident giving rise to this action occurred in Chambers County, Texas.

### IV. FACTS

4.1    It has become necessary to bring this lawsuit as a result of a motor vehicle collision which occurred on or about August 24, 2023.

4.2    At the time of the occurrence in question JASON SMITH was driving a commercial tractor for ELE LOGISTICS, INC. in Harris County, Texas.

4.3    The tractor was owned by and/or leased to ELE LOGISTICS, INC.

Copy from re:SearchTX

4.4    The ELE LOGISTICS, INC. tractor failed to slow for traffic and collided with an innocent motorist in front of the pickup.

4.5    The innocent motorist was EDGAR CRESPO, Plaintiff herein; his passenger was EVERTO GAYTAN, Plaintiff herein; the collision inflicted serious bodily injuries upon them, which are hereinafter more fully described.

## V. CAUSES OF ACTION AGAINST DEFENDANT JASON SMITH BASED IN NEGLIGENCE AND GROSS NEGLIGENCE

5.1    At the time of the occurrence in question, Defendant JASON SMITH was guilty of the following acts of negligence and gross negligence, each of which is a separate act of negligence and gross negligence, and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

1.    Following too closely to the traffic in front of him;

2.    Failing to maintain a safe lookout;

3.    Failing to control his speed;

4.    Driving while distracted and/or failing to pay attention to the traffic in front of and/or around him;

5.    Failing to timely apply his brakes as he approached the slowing and/or stopping traffic;

6.    Failing to take proper evasive action in a timely manner to avoid the collision in question;

7.    Failing to provide adequate warning of the impending impact;

8.    Causing a collision with EDGAR CRESPO'S vehicle;

9.    Failing to operate his motor vehicle with ordinary care and/or as a reasonable and prudent person would have under the same or similar circumstances; and

10.    Violating Texas Transportation Code Chapter 545.

Copy from re:SearchTX

5.2     Each and all of the above and foregoing acts, both omission and commission, whether taken together and/or separately, are considered negligence and gross negligence, as those terms are understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

5.3     The aforementioned actions and/or omissions by JASON SMITH not only constitute negligence, but also gross negligence, in that JASON SMITH'S actions and/or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, JASON SMITH had actual and subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of others.

### VI. CAUSES OF ACTION AGAINST ELE LOGISTICS, INC. BASED ON AGENCY AND/OR SPECIAL RELATIONSHIP

6.1     Furthermore, at the time and place of the occurrence in question, Defendant JASON SMITH was operating the pickup while in the course and scope of his employment for ELE LOGISTICS, INC. Accordingly, ELE LOGISTICS, INC. is liable herein for the acts and omissions of JASON SMITH under the doctrine of *respondeat superior*, for which said Defendants are jointly and severally liable for any and all damages resulting from the occurrence in question.

6.2     Moreover, ELE LOGISTICS, INC. is registered with the United States Department of Transportation as a motor carrier. Pursuant to federal and state law, as a motor carrier, ELE LOGISTICS, INC. is directly and statutorily liable for the acts and/or omissions of its drivers. Accordingly, ELE LOGISTICS, INC. is liable for the acts and/or omissions of JASON SMITH at the time of the occurrence in question, for which said Defendants are jointly and severally liable for any and all damages resulting from the occurrence in question.

Copy from re:SearchTX

### VII. CAUSES OF ACTION AGAINST ELE LOGISTICS, INC. BASED IN NEGLIGENCE AND GROSS NEGLIGENCE

7.1     Moreover, Defendant ELE LOGISTICS, INC. is also directly and independently liable for its own acts and/or omissions of negligence and gross negligence, including, but not limited to failing to properly screen, train, and/or monitor its drivers with regard to safe driving techniques and/or being a responsible driver, and violating Texas Transportation Code section 521.459, each of which is a separate act of negligence and/or gross negligence, and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged.

7.2     Each and all of the above and foregoing acts, both omission and commission, whether taken together and/or separately, are considered negligence and/or gross negligence, as those terms are understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

7.3     The aforementioned actions and/or omissions by ELE LOGISTICS, INC. not only constitute negligence, but also gross negligence, in that ELE LOGISTICS, INC.'S actions and/or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Furthermore, ELE LOGISTICS, INC. had actual and subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of others.

### VIII. DAMAGES

8.1     As a result of the occurrence in question, Plaintiffs EDGAR CRESPO and EVERTO GAYTAN suffered injuries to their necks, backs, heads, and bodies in general. Plaintiffs herein have sustained actual damages and seek compensation for said actual damages. Said injuries have caused physical pain and mental anguish in the past and will likely cause physical pain and mental

Copy from re:SearchTX

anguish in the future; said injuries have caused physical impairment in the past and will likely cause physical impairment in the future; said injuries have caused disfigurement in the past and will likely cause disfigurement in the future; said injuries have required medical care in the past and will likely require medical care in the future; said injuries have caused a past and/or future loss of earning capacity.

8.2    Accordingly, EDGAR CRESPO and EVERTO GAYTAN advance their claims for the following: (1) past and future physical pain; (2) past and future mental anguish; (3) past and future loss of earning capacity; (4) past and future physical impairment; (5) past and future disfigurement; and (6) reasonable and necessary medical expenses incurred in the past and reasonable and necessary medical expenses likely to be incurred in the future.

8.3    In the event that EDGAR CRESPO or EVERTO GAYTAN had a pre-existing condition or predisposition to injury, if any, then the Plaintiffs would show that such condition was unknown and immaterial, in that EDGAR CRESPO and EVERTO GAYTAN had no significant problems or symptoms prior to the occurrence in question and were in all ways feeling fine, functioning and working well; therefore, any such condition, if any, was made worse or aggravated by the occurrence in question and thereby proximately caused the injuries and/or damages which they now suffer and have herein described.

8.4    At the time of the occurrence in question, EDGAR CRESPO was 22 years of age and had a minimum life expectancy of an additional 53.5 years; EVERTO GAYTAN was 52 years of age and had a minimum life expectancy of an additional 27.3 years. These life expectancies are in accordance with the United States Life Tables, a certified copy of which will be offered as evidence in the trial of this cause.

Copy from re:SearchTX

8.5     For reasons previously set forth herein, the Plaintiffs seek any and all damages generally recognized at law for such actions. Accordingly, Plaintiffs seek actual damages in an amount which they entrust to a jury and which the jury deems appropriate. Even so, as required by Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs provides notice to Defendants that they will be seeking damages and/or monetary relief for a sum in excess of $1,000,000. Plaintiffs further seek pre-judgment interest and post-judgment interest at the maximum amount permitted by law.

8.6     Because of the grossly negligent conduct of Defendants, Plaintiffs seek recovery for exemplary damages, which are any damages awarded as a penalty or by way of punishment and include punitive damages. In determining the amount of exemplary damages, the trier of fact should consider the following:

a.  The nature of the wrong.
b.  The character of the conduct involved.
c.  The degree of culpability of the wrongdoer.
d.  The situation and sensibilities of the parties concerned.
e.  The extent to which such conduct offends a public sense of justice and propriety.
f.  The net worth of each Defendant.

## IX. REMINDER OF REQUIRED DISCLOSURES

9.1     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are required to, without awaiting a discovery request, provide the information described in RULE 194.2 within 30 days after the filing of the first answer or general appearance, as well as the information required by RULE 194.3 and 194.4 within the timelines set by those Rules.

9.2     Any Defendant that is served or otherwise joined after the filing of the first answer is advised that they must make their initial disclosures within thirty days of being served or joined.

Copy from re:SearchTX

9.3     Plaintiffs are relying on Defendants to timely serve required disclosures within the time frames defined in the TEXAS RULES OF CIVIL PROCEDURE. Failure to timely disclose shall constitute an abuse of discovery pursuant to TEXAS RULE OF CIVIL PROCEDURE 215.

## X. RULE 193.7 NOTICE

10.1     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives actual notice to the Defendants that any and all documents produced by Defendants may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs EDGAR CRESPO and EVERTO GAYTAN pray and demand that upon trial of this cause that they have judgment against the Defendants; that they recover actual and punitive damages in an amount within the jurisdictional amounts of this honorable Court; that they have pre-judgment interest at the maximum legal rate and post-judgment interest at the maximum legal rate; that they recover their costs of Court in this action expended; and that they have such other relief, both special and general, at law and in equity, to which they may show themselves justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**LINEBAUGH DORITY & ALLEN, LLP**

/s/ *Michael J. Dority*

**MICHAEL J. DORITY**
TBN: 24075615
**TIMOTHY R. ALLEN**
TBN: 24092028
1300 Rollingbrook St., Suite 601
Baytown, TX 77521
281.422.0505
281.422.2641 – Facsimile
mdority@linebaughlaw.com
tallen@linebaughlaw.com
efiling@linebaughlaw.com
**ATTORNEYS FOR PLAINTIFF**

Page 9 of 9

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Isabel Medina on behalf of Michael Dority
Bar No. 24075615
imedina@linebaughlaw.com
Envelope ID: 89762845
Filing Code Description: PETITION
Filing Description: Plaintiffs' Original Petition, Reminder of Required Disclosures, and Rule 193.7 Notice
Status as of 7/15/2024 2:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Timothy Allen | | tallen@linebaughlaw.com | 7/15/2024 11:10:00 AM | SENT |
| E Filing | | efiling@linebaughlaw.com | 7/15/2024 11:10:00 AM | SENT |
| Michael Dority | | mdority@linebaughlaw.com | 7/15/2024 11:10:00 AM | SENT |
| Isabel medina | | imedina@linebaughlaw.com | 7/15/2024 11:10:00 AM | SENT |
| sara buenrostro | | sbuenrostro@linebaughlaw.com | 7/15/2024 11:10:00 AM | SENT |

Copy from re:SearchTX